UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUITY MANAGEMENT INC.,
an Illinois corporation,

    Plaintiff,

v.

LESLEY TUTTLE f/k/a LESLEY MATT,

    Defendant.

Case No.  12-cv-10059
Hon. Robert H. Cleland
Mag. Judge R. Steven Whalen

## ORDER GRANTING PRELIMINARY INJUNCTION

The court has considered Plaintiff's Verified Complaint for Breach of Contract, Misappropriation of Trade Secrets, Unfair Competition and Injunctive Relief; Verified Motion for Temporary Restraining Order and Preliminary Injunction ("Plaintiff's Motion for Preliminary Injunction"); Brief in Support of Verified Motion for Temporary Restraining Order and Preliminary Injunction of Law in Support and Affidavits; as well as Defendant's Response to Plaintiff's Verified Motion and Declarations submitted therewith.  The court has also conducted a hearing on Plaintiff's Motion for Preliminary Injunction and heard arguments from counsel for Plaintiff and counsel for Defendant and received testimony from Plaintiff and Defendant.  After consideration of all of the above, the court FINDS as follows:

A. Plaintiff Equity Management Inc. (hereafter "EMI") has established the likelihood of success on the merits of its claims.  For purposes of this preliminary proceeding and based on the facts presently before the court:

i)  Defendant Lesley Tuttle ("Tuttle") signed a Non-Compete Agreement ("Non-Compete Agreement") with EMI.  She also signed a Trade Secret Protection and Confidentiality Agreement and an Amendment to that agreement (collectively "Confidentiality Agreements") with EMI wherein she agreed to preserve the confidentiality of EMI's confidential information and trade secrets.

ii)  The Non-Compete Agreement appears to be clear and understandable.

iii)  While working for EMI, Tuttle was provided access to EMI's trade secrets and proprietary information.

iv) Tuttle resigned her position with EMI on December 21, 2011 to take a position with Global Icons, LLC.

v)  Global Icons is a direct competitor of EMI.

vii) Tuttle's acceptance of the position with Global Icons appears to have violated the Non-Compete Agreement.

viii)  All of the provisions of the Non-Compete Agreement appears to be enforceable.

ix)   The two-year duration of the Non-Compete Agreement appears to be reasonable.

x) The restriction on employment in the Non-Compete Agreement appears to be reasonable

xi)  The geographic restriction in the Non-Compete Agreement appears to be reasonable.

B.  EMI has established that EMI will suffer irreparable harm if a preliminary injunction is not issued.

C. EMI has established that the harm to Tuttle if a preliminary injunction issues does not outweigh the harm to EMI and its employees if an injunction does not issue.

D. EMI has established that the public interest would be served by enforcing the parties' agreements and issuing a preliminary injunction.

E. EMI has demonstrated that it has no adequate remedy at law.

Accordingly, it is **ORDERED** that pursuant to Fed. R. Civ. P 65:

1. Effective immediately, Defendant, Lesley Tuttle, and any person acting in concert or participation with her who has actual notice of this Preliminary Injunction by personal service or otherwise, is enjoined from directly or indirectly doing the following:

   a. Using or disclosing any of EMI's confidential and proprietary trade secret information for her own benefit or the benefit of others;

   b. Continuing her employment with Global Icons or, pursuant to Section 5 of the Non-Compete Agreement, participate or engage in (as an owner, partner, employee, consultant, independent contractor or advisor) any other business which is engaged in corporate trademark licensing in the United States or such other countries in which EMI or any affiliate company of EMI is engaged in the business of corporate trademark licensing;

   c. Engaging in any other activity prohibited by the Non-Compete and Confidentiality Agreements;

   d. Using, disclosing, or transmitting for any purpose, the information contained in the records of EMI or concerning its licensees, including, but not limited to, the names, addresses, and financial information of said licensees;

    e. Using or disclosing at any time in the future EMI's strategic business and marketing plans; client agreements; client lists; prospect lists; royalty rate/pricing strategies; licensee lists; license agreements; client presentation or proposals; EMI financial information; or any of EMI's contract specifications for the reasons that they are EMI's confidential business information, trade secrets, proprietary information and protected property; and

    f. Retaining, disclosing or using any and all EMI property or information in Tuttle's possession, custody or control or any other person or entity to whom Tuttle provided such property or information;

2. Tuttle is also ordered to return of any and all EMI property or information in Tuttle's possession, custody or control or any other person or entity to whom Tuttle provided such property or information.

3. This Order shall remain in effect pending further Order of this court after the trial of this matter.

This order is effective this 11th day of January, 2012.

                               s/Robert H. Cleland
                               ROBERT H. CLELAND
                               UNITED STATES DISTRICT JUDGE

Dated: January 12, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 12, 2012, by electronic and/or ordinary mail.

                               s/Lisa Wagner
                               Case Manager and Deputy Clerk
                               (313) 234-5522