UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUITY MANAGEMENT INC.,
an Illinois corporation,

    Plaintiff,

v.

LESLEY TUTTLE f/k/a LESLEY MATT,

    Defendant.

Case No. 12-cv-10059
Hon. Robert H. Cleland
Mag. Judge R. Steven Whalen

---

### FINAL INJUNCTION

This matter came before the Court on stipulation of the parties endorsed hereon. This Court has reviewed this matter, including: Plaintiff's Verified Complaint for Breach of Contract, Misappropriation of Trade Secrets, Unfair Competition and Injunctive Relief; Verified Motion for Temporary Restraining Order and Preliminary Injunction; Brief in Support of Verified Motion for Temporary Restraining Order and Preliminary Injunction of Law in Support and Affidavits. This Court also considered Defendant's Response to Plaintiff's Verified Motion and Declarations submitted therewith. The Court also conducted a hearing on Plaintiff's Motion for Preliminary Injunction and heard arguments from counsel for Plaintiff and counsel for Defendant and received testimony from Plaintiff and Defendant. The parties stipulate to the following facts:

    A    Defendant Lesley Tuttle ("Tuttle") signed a Non-Compete Agreement ("Non-Compete Agreement") with Plaintiff Equity Management Inc. (hereafter "EMI"). She also signed a Trade Secret Protection and Confidentiality Agreement and an Amendment to that agreement

(collectively "Confidentiality Agreements") with EMI wherein she agreed to preserve the confidentiality of EMI's confidential information and trade secrets indefinitely.

B. The Non-Compete Agreement is clear and understandable.

C. While working for EMI, Tuttle was provided access to EMI's trade secrets and proprietary information.

D. All of the provisions of the Non-Compete Agreement are enforceable.

E. The two-year duration of the Non-Compete Agreement is reasonable.

F. The restriction on employment in the Non-Compete Agreement is reasonable.

G. The geographic restriction in the Non-Compete Agreement is reasonable.

Accordingly, after consideration of all of the above, the Court rules as follows:

1. Effective immediately, Defendant, Lesley Tuttle, and any person acting in concert or participation with her who has actual notice of this Injunction by personal service or otherwise, is **PERMANENTLY ENJOINED** from directly or indirectly doing the following:

A. Using or disclosing any of EMI's confidential and proprietary trade secret information for her own benefit or the benefit of others;

B. Engaging in any other activity prohibited by the Confidentiality Agreements;

C. Using, disclosing, or transmitting for any purpose, the information contained in the records of EMI or concerning its licensees, including, but not limited to, the names, addresses, and financial information of said licensees;

D. Using or disclosing at any time in the future EMI's strategic business and marketing plans; client agreements; client lists; prospect lists; royalty rate/pricing strategies; licensee lists; license agreements; client presentations or proposals;

2

       EMI financial information; or any of EMI's contract specifications for the reasons that they are EMI's confidential business information, trade secrets, proprietary information and protected property; and

  E.  Retaining, disclosing or using any and all EMI property or information in Tuttle's possession, custody or control or any other person or entity to whom Tuttle provided such property or information;

2.  Tuttle is also ordered to immediately return any and all EMI property or information in Tuttle's possession, custody or control or any other person or entity to whom Tuttle provided such property or information.

3.  Effective through December 31, 2013, Defendant, Lesley Tuttle, and any person acting in concert or participation with her who has actual notice of this Injunction by personal service or otherwise, is **ENJOINED** from directly or indirectly doing the following:

  A.  Continuing or commencing her employment with any business which is engaged in Corporate Licensing or otherwise directly competitive with EMI, including Global Icons, pursuant to Section 5 of the Non-Compete Agreement, or participating or engaging in (as an owner, partner, employee, consultant, independent contractor or advisor) any other business which is engaged in corporate licensing in the United States or such other countries in which EMI or any affiliate company of EMI is engaged in the business of Corporate Licensing; and

3

    B. Engaging in any other activity prohibited by the Non-Compete Agreement.

4. The Final Injunction resolves all claims between the parties and disposes of this matter in its entirety. This Court retains jurisidiction to enforce the terms of this Final Injunction.

This Order is effective immediately, as of this 31st day of January, 2012.

                              s/Robert H. Cleland
                              Honorable Robert H. Cleland


I HEREBY STIPULATE TO ENTRY OF THIS ORDER:


| KOTZ, SANGSTER, WYSOCKI AND BERG, P.C. | STERLING ATTORNEYS AT LAW |
|---|---|
| _SEE ATTACHED_<br>By: Dennis K. Egan (P29116)<br>     Lynn A. Sheehy (P38162)<br>Attorneys for Plaintiff<br>400 Renaissance Center, Suite 3400<br>Detroit, MI 48243<br>(313) 259-8300 - Telephone<br>(313) 259-1451 – Facsimile<br>degan@kotzsangster.com<br>lsheehy@kotzsangster.com | _See Attached_<br>By: Gerald D. Wahl<br>Attorney for Defendant<br>Governor's Place<br>33 Bloomfield Hills Pkwy., Suite 250<br>Bloomfield Hills, Michigan 48304<br>(248) 644-1503 - Telephone<br>(248) 644-1509 - Facsimile<br>GWahl@SterlingAttorneys.com |
| | _See Attached_<br>Lesley Tuttle<br>Defendant |

Dated: January 27, 2012

B. Engaging in any other activity prohibited by the Non-Compete Agreement.

4. The Final Injunction resolves all claims between the parties and disposes of this matter in its entirety. This Court retains jurisidiction to enforce the terms of this Final Injunction.

This Order is effective immediately, as of this ___ day of January, 2012.

_____
Honorable Robert H. Cleland

I HEREBY STIPULATE TO ENTRY OF THIS ORDER:

KOTZ, SANGSTER, WYSOCKI AND BERG, P.C.

By: *Lynn A. Sheehy*
Dennis K. Egan (P29116)
Lynn A. Sheehy (P38162)
Attorneys for Plaintiff
400 Renaissance Center, Suite 3400
Detroit, MI 48243
(313) 259-8300 - Telephone
(313) 259-1451 – Facsimile
degan@kotzsangster.com
lsheehy@kotzsangster.com

STERLING ATTORNEYS AT LAW

By: _____
Gerald D. Wahl
Attorney for Defendant
Governor's Place
33 Bloomfield Hills Pkwy., Suite 250
Bloomfield Hills, Michigan 48304
(248) 644-1503 - Telephone
(248) 644-1509 - Facsimile
GWahl@SterlingAttorneys.com

_____
Lesley Tuttle
Defendant

Dated: January 27, 2012

4